## Andrew McCotter v. John Jay and others.

Where foreclosure proceedings are entirely regular, and free from fraud, they can not be disturbed, or set aside, without some legal reason.

Want of knowledge of the time and place of sale, on the part of one who was a party to the foreclosure suit, and was therefore bound to use due diligence in obtaining information of the sale in order to protect his rights, affords no sufficient reason.

If a party is equitably entitled to relief against foreclosure proceedings, it is by way of *motion*, addressed to the favor or discretion of the court, to open the biddings at the sale.

He can claim no legal or absolute right; and if permitted to come in at all, can be allowed to do so only on terms.

Those terms can not properly be adjusted in an action brought to set aside the sale as unfairly and inequitably conducted.

THIS action was brought to set aside a sale of mortgaged premises as unfairly and inequitably conducted on the part of the defendant, Jay; also two deeds of conveyance of the mortgaged premises to two others of the defendants, Weeks and Hoff; and also a mortgage executed by the last named persons to the other defendant, Hulse, after the purchase under the mortgage sale. The mortgaged premises were sold under legal proceedings regularly conducted, to foreclose a mortgage executed by one Michael C. Coss to the plaintiff, which mortgage the plaintiff transferred to the Mechanics' Fire Insurance Company, and on such transfer guaranteed the payment thereof. Jay was subsequently appointed receiver of the latter company, and as such receiver foreclosed the mortgage. His attorney purchased the premises at the foreclosure sale, and assigned his bid to the defendant, Weeks, who took the sheriff's deed on the foreclosure, and afterwards sold one-half of the property to the defendant, Hoff. The plaintiff was not aware of the foreclosure sale, and claims that it was wrongfully and inequitably concealed from him by the attorney of the receiver. There was, however, no evidence

of fraud, and so the judge found as a question of fact, and also of law, at the trial, and dismissed the complaint, with costs. On appeal his decision was affirmed at the general term. The plaintiff then appealed to this court.

*George Miller*, for the appellant.

*W. P. Buffett*, for the respondents.

HOGEBOOM, J. There appear to be several insuperable difficulties in the way of the plaintiff.

1. The foreclosure proceedings were entirely regular and free from fraud. They cannot, therefore, be disturbed or set aside without some legal reason.

2. No sufficient reason appears in the case. The plaintiff's want of knowledge of the time and place of the sale is entirely attributable to his own negligence. He was a party to the foreclosure suit, and was bound to due diligence in obtaining information of the sale, in order to protect his rights.

3. He does not allege that he was misled or legally surprised.

4. If equitably entitled to relief, it was by way of motion addressed to the favor or discretion of the court, to open the biddings at the sale. He can claim no legal or absolute right, and if permitted to come in at all, can be allowed to do so only on terms.

5. These terms cannot properly be adjusted in this action. The complaint is not framed with such an aspect. The plaintiff has no legal and proper standing in court. He has no lien upon the premises, and no equitable interest therein. He shows no fraud, and cannot therefore ask to set aside the sale as a matter of right, even if as a mere guarantor of the debt he would be permitted to file a bill for such a purpose. He makes no title to relief, even upon motion, inasmuch as he is plainly guilty of laches,

6

and fails otherwise to present sufficient grounds for the equitable interference of the court.

The judgment should be affirmed, with costs.

All the judges concurring, judgment affirmed.