Church, Ch. J.
A commission rogatory is not the mode authorized by statute for taking the testimony of witnesses residing out of the State, but in cases where the evidence can be produced in no other way, on account of the laws of the country where the witness is sought to be examined, and to prevent a failure of justice, the power to issue such a commission would seem to be proper, if not necessary. The only difference between such a commission and the statutory one is, that it is directed to a judicial tribunal or officer of the foreign country, with a request to summon the witness and take the testimony, instead of appointing a commissioner to take it. (1 Greenleaf’s Ev., § 320.)
*315 But conceding the power, the question whether it is proper to exercise it in a given case, and whether the circumstances justify or demand it, is necessarily for the court below to determine, and is, in a legitimate sense, discretionary. The court must, in the first place, pass upon the evidence presented, and determine what the facts and circumstances are, and, in the next place, it must determine whether the facts established justify the exceptional proceeding demanded. It involves, doubtless, a substantial right, but this expression is often confounded with an absolute legal right. A question may involve a substantial right and yet be discretionary. While this court has no power to deny a legal right or deny a party the application of strictly legal rules, yet when it becomes necessary to weigh conflicting evidence, to decide as to the credibility of witnesses, to consider the effect to be given to the conduct of parties — in short, any question in respect to which there is no fixed established rule or principle of law controlling it — it is then deemed discretionary, and is not appealable to this court, although it may involve a substantial right within the meaning of that term as used in the Code. The General Term can review discretionary orders affecting a substantial right; this court cannot. (Howell v. Mills 53 N. Y., 322; Bolles v. Duff, 43 id., 469.) Besides, the Code in terms restricts the appellate jurisdiction of this court to such orders, in respect to practice, as do not involve any question of discretion. For these-reasons, this order is not appealable to this court. The application was to talce the testimony of two witnesses in France, Madame Marmier and Dr. Lippert. An ordinary commission was issued to take the testimony of the former. The evidence was taken and returned. It is said that the evidence thus taken is false, because the witness did not feel the obligation to tell the truth which she would under an oath administered by a judicial officer of her own country, and affidavits aré produced to establish this fact. The circumstances were peculiarly appropriate for the judgment of the Supreme Court. Whether the fault was in the witness or in the interrogatories; whether the examination in another *316 proceeding produced establish the falsity of her evidence under the commission; whether, if the falsity is established, it is proper to send another commission, with the expectation of securing the truth; whether there is any legal difficulty in taking the testimony by commission in the ordinary way, are circumstances to be considered, weighed and decided by the court below, and we cannot review their decision. In the case of the other witness, in addition to the above circumstances, is the question whether the party shall not be put in the first instance to the ordinary commission, which, from its very nature, is discretionary.
It is unnecessary in this case to pass upon the question of power. The court below did not deny it, but we- think it clear that its exercise was a- matter of discretion, under the circumstances presented in this ease.
The appeal must be dismissed.
All concur, Grover, J., in result.
Appeal dismissed.