GEORGE HOFFMAN and ALBERT W. CURTISS, Appel-
lants, v. DERRICK W. SPARLING, Respondent.

*Reference — when proper — order of, when appealable — Order changing place of
trial — where appeal from taken — Laches.*

An action to recover damages arising from an attorney's negligence and want of
skill is not referable.

An order vacating an order of reference, and changing the place of trial, affects
a substantial right and is appealable to the General Term.

An appeal from an order vacating an order of reference and changing the place
of trial is properly brought in the department in which the motion was made.

Where the issues in an action have been joined for two years, and it has been
promptly noticed for trial and placed upon the calendar, *held*, that a motion on
defendant's part to change the place of trial should be denied on the ground of
laches.

Appeal from an order of the Special Term vacating an order of
reference, and changing the place of trial from New York to Ulster
county, in an action brought to recover damages arising from
defendant's alleged malpractice.

The action was reached in its order on the calendar and defend-
ant's default taken; it appearing however that an account must be
taken to determine what judgment plaintiff was entitled to, an
order of reference to hear and determine the issues was made. The
defendant thereupon noticed a motion to vacate and set aside the
order of reference and to change the place of trial from New York
to Ulster county, which motion was granted.

*E. C. Ripley*, for the appellants.

*Wm. C. Crook*, for the respondent.

Davis, P. J.:

The order of the Special Term was clearly appealable. Although
discretionary, it affected substantial rights within the meaning of
that term as settled by the Court of Appeals. (*Howell* v. *Mills*, 53
N. Y., 322; *Martin* v. *Windsor Hotel*, MS. op. by Church, C. J.)
The appeal was properly brought in this department, notwithstand-
ing the order is in part to change the place of trial. The Court

has recently so determined in several cases not reported. (*Kellogg v. Smith,* 7 Hun, 551; *Darragh* v. *McKim,* 2 Hun, 337.)

So much of the order as vacated the order of reference was right. The action is not a referable one. The complaint sets up no claim to recover for moneys collected by the defendant as the attorney of plaintiffs, and shows no case in which an accounting is either necessary or requisite. It shows several causes of action against an attorney for *mala praxis,* and nothing more. The first count alleges in substance, that the defendant undertook to prosecute and conduct an action in favor of plaintiffs against a debtor of theirs, and by his want of skill, and delay and negligence, the plaintiffs were beaten, and thrown in costs, and suffered the damages alleged and demanded.

The second cause of action alleges that the defendant, as attorney, undertook to prosecute and collect divers other claims and demands against divers debtors of the plaintiffs in a proper, skillful and diligent manner, yet wholly failed and neglected to do so, and mismanaged and neglected the business, and failed and neglected to account to plaintiffs therefor, that plaintiffs suffered damages by loss of the claims.

The action is, therefore, not one to recover money collected for plaintiffs but damages for failing, through negligence and want of skill, to collect the demands mentioned. The answer is in respect to these allegations a simple denial. It was in its nature and substance a tortious action, depending upon the ability of plaintiffs to establish the alleged negligence and want of care and skill.

Such an action is not referable, either on motion or by order of the court, when reached on the calendar for trial. The court at Circuit doubtless acted, after the default of defendant, upon the statement of the plaintiffs' attorney, and made the order without examining the pleadings. The Special Term properly corrected the mistake by vacating the order of reference.

But the order changing the place of trial was improvidently granted. The motion came altogether too late. The issue had been joined two years. It was promptly noticed for trial, and placed on the calendar, and the defendant failed to appear when it was reached and called for trial. In *Darragh* v. *McKim* this court said: " The motion should be made with reasonable diligence after issue joined. If it is not, that is of itself sufficient reason for the denial of the

motion," and in that case the denial of the motion was upheld, on the ground of want of diligence, though it was made in much less time after issue joined than in the present case. This has been the settled rule for many years. (*Chapin* v. *DeGroff*, 4 Cowen, 554; *Miller* v. *Palmer*, 1 How. Pr., 52.) In the two years that had elapsed, there have been many Circuits in Ulster county, at which the case might, it is proper to presume, have been tried, if the motion had been made promptly after issue joined, and the place of trial changed. By defendant's delay those Circuits, and consequently the intervening period of more than a year have been lost.

This *laches* was not satisfactorily excused. The excuse feebly tendered, was met and sufficiently repelled. That part of the motion should have been denied. The order should be affirmed, so far as it vacated the order of reference, and reversed, so far as it grants a change of place of trial, without costs of this appeal to either party.

BRADY and DANIELS, JJ., concurred

Order affirmed, so far as it vacates the order of reference, and reversed, so far as it grants a change of place of trial, without costs.