In the Matter of the Petition of GEORGE FULLER, as Administrator, etc., for a Resale of Lands in the Case of BENJAMIN C. BROWN *v.* LUTHER BROWN and RACHEL BROWN.

*Sale under a decree of foreclosure — when it will be set aside upon the application of a creditor of the mortgagor.*

June 1, 1878, Luther C. Brown gave a mortgage for $1,200 on real estate then owned by him to one Fanny M. Coon, who thereafter assigned it to the wife of Luther, who subsequently assigned it to her son Benjamin. In an action to foreclose the same, commenced by him in May, 1880, the premises were sold for $1,534.85, that being the amount due on the mortgage and for costs, to the said Benjamin and his brother Nathan. August 6, 1881, the two brothers gave a mortgage upon the place to one Powis for $2,000, borrowed money, and on August 8, 1881, they gave another mortgage to their mother for $1,465.77, that being the amout due to her for the assignment of her former mortgage, October 28, 1880, one Fuller recovered a judgment against Luther C. Brown for $226.79, upon which an execution was issued and returned unsatisfied. In May, 1884, Fuller presented a petition praying that the foreclosure sale be vacated and a resale be had.

*Held,* that it was proper for the court to grant the order, but that the sale should be vacated only as to the equity of redemption of the purchasers and the inchoate right of dower of their wives, and that the premises should be sold subject to the two mortgages given by the purchasers; the costs and expenses of the former sale to be paid to the purchasers thereat, out of the proceeds of the resale.

APPEAL from an order made at the Erie Special Term, directing a resale of premises.

Luther C. Brown, being the owner of a farm situate in the town of Carlton, county of Orleans, containing 121½ acres, made a mortgage on the premises of date June 1, 1878, to Fanny M. Coon, to secure the payment of $1,200. The mortgage was afterwards assigned to Rachel Brown, the wife of the mortgagor, and she assigned it to Benjamin C. Brown, her son. He in May, 1880, commenced an action against Luther and Rachel Brown for the foreclosure of the mortgage, in which a decree was obtained, in the usual form, directing the sale of the premises, and on the 20th day of August, 1880, the premises were sold pursuant to that decree and purchased by Benjamin C. Brown and his brother Nathan Brown, for the sum of $1,534.85, that being the amount due on the mortgage and the costs and expenses of the action and sale, and the farm was conveyed to them by the referee making the sale, and his report was made and filed. On the 6th day of August, 1881, the purchasers made to Henry Powis a mortgage on the premises to secure the payment of $2,000 borrowed of him, and on the eighth of the same month they made to their mother, Rachel Brown, a mortgage on the same premises, to secure the payment to her of $1,465.75, the amount due for the assignment made by her of the mortgage. On the 28th day of October, 1880, George Fuller, as administrator, etc., of Oliver McKenna, deceased, recovered a judgment in this court against Luther Brown for $226.79, which was then docketed in the county of Orleans, upon which execution against the property of the judgment-debtor was issued, and in November, 1880, returned wholly unsatisfied. In May, 1884, this proceeding was commenced by the petition of George Fuller, as such administrator, to vacate the sale made of the premises, and for a resale of them pursuant to the decree of foreclosure before mentioned. Before then, and in April, 1884, Powis had died, leaving his will, by which he nominated W. Martin Jones as executor of it, and the will had been admitted to probate and letters testamentary issued to him. The executor was not served with notice of this proceeding nor did he appear in it. At the Erie Special Term of August, 1884, an order was made that the sale be vacated, "reserving and excepting from the effect of the order the lien and rights

created by the mortgages," to Powis and Rachel Brown, and that a resale of the premises be made subject to them.

From the whole of this order Benjamin C. Brown and Nathan Brown, and their wives appeal. The administrator, of Rachel Brown, deceased, appeals from the order, except that portion thereof which, by its terms, saves her rights as mortgagee.

*Irving M. Thompson,* for the appellants.

*John Cunneen,* for the petitioner, respondent.

BRADLEY, J.:

The affidavits in support of, and in opposition to the motion, are both numerous and voluminous; and, as a whole, the facts presented fairly justified the relief given by the order, unless there was some legal difficulty in the way to that result. The contention of the learned counsel for the appellants is : 1. That the respondent had no standing which would permit him to make the motion. And this is based upon the fact that he was not a party to the foreclosure action, and had no lien on the property. 2. That the intervening rights of the mortgagees are in the way to such relief on a motion. 3. That the one-year limitation applies to him; and, at all events, he was guilty of such laches as to defeat his application for relief. 4. That the proceedings in the foreclosure action, and of sale, were regular and fairly conducted, and that the sale will not be set aside and a resale ordered, for the reason merely that the estimated value of the property exceeded the amount for which it was sold.

The debt on which the judgment was recovered by the petitioner had been long standing against Luther Brown, but the judgment was not recovered until after the sale, so that it never became a lien on the premises, nor would he have been then entitled to share in the proceeds of the sale if there had been a surplus. The right to make a motion of this character *is not confined to a party to a* foreclosure action. The discretion of the court may be called into action by a person who has been legitimately prejudiced by the proceedings of the sale. (*Am. Ins. Co.* v. *Oakley,* 9 Paige, 259 ; *Kellogg* v. *Howell,* 62 Barb., 283 ; *McCotter* v. *Jay,* 30 N. Y., 80 ; *Gould* v. *Mortimer,* 26 *How.,* 167.) The question arises whether

this rule includes a person who has no lien on the premises at the time of the sale. By it the lien of his judgment is defeated, and if the sale was so conducted as to unfairly produce in its result a less sum than it otherwise would, the estate of the mortgagor is reduced, and the means of collecting his judgment may be impaired or cut off. He has recovered a judgment which would become a lien if the sale were vacated, and he is interested in having the mortgagor's property produce a sum sufficient to pay the judgment against him. Then the court has such control over its judgments that it may, and in a proper case will, in the exercise of its discretion, so regulate and set aside their execution as justice may seem to require for the protection of the rights of others. And there is no inflexible rule to govern the exercise of that discretion.

The motion here is in the nature of an action in equity, and it is in that view that the rights of parties will be considered within the established principles of law which guide and govern courts in the administration of justice. The petitioner fairly comes within that relation to the mortgagor and his property, which enables him to present the inquiry to the court whether the proceedings to sell, and sale, were fairly conducted, and the property in question properly disposed of at the sale referred to.

In *Goodell* v. *Harrington* (76 N. Y., 548, 549) the party moving to set aside a sale and for resale had no lien upon the property sold, but had a judgment against the executrix of the will of the mortgagor who purchased the property. The motion was granted at the Special Term and affirmed at General Term. In the opinion of the court CHURCH, Ch. J., says: "I am not aware of any rule of law requiring a specific lien upon the mortgaged premises to enable a person to apply for a resale. * * * He is therefore interested in preserving the fund from which alone he can obtain satisfaction of his judgment. The Supreme Court has control over its own judgments and the proceedings thereunder, and it may exercise this power at the instance of any person whose rights are injuriously affected by such proceedings." There, as here, if the sale was permitted to stand there would be no fund to pay the judgment.

There seems to be no legal objection to the petitioner's motion in this respect. The intervening rights of the mortgagees are not necessarily any interruption to the relief. Their rights can be as

well provided for and protected in the order as by decree in an action. (*Hale* v. *Clauson*, 60 N. Y., 339, 341.) For that purpose and to save all questions the order should, perhaps, be so modified as to express distinctly that the vacation of the sale has relation to the equity of redemption only, which is, perhaps, the legal import of the order of the Special Term as a whole. The rights of the mortgagees are then as fully protected as if the sale was not disturbed to any extent.

It seems clear that the statute limitation of one year has no application here. That applies to the parties to actions in the cases there mentioned. (Code Civil Pro., § 724.) And as a rule such statutes are not construed to embrace any case not within their terms. The question of laches and its effect are dependent upon the circumstances of each particular case involving the consideration of them. It would be more strictly applied as against a purchase in good faith by a stranger to the proceedings, than to a party privy to it and not a *bona fide* purchaser. Also when rights of third parties had intervened which would be affected by giving the relief. In this case there has been no substantial change in situation which will make the relief result to the prejudice of the purchasers. And in such cases the question of laches has less importance. (*McMurray* v. *McMurray*, 66 N. Y., 176, 181.) One of the purchasers says that he has expended $500 in making improvements on the premises, but they have had the use of them. And have obtained a loan of $2,000 which and their liability are protected by the mortgage on the farm.

In *Lockwood* v. *McGuire* (57 How., 266), it was assumed that the granting the relief would prejudice the rights of an intervening innocent mortgagee.

In *Viele* v. *Judson* (15 Hun, 328) equitable *estoppel* was properly applied for the protection of a *bona fide* mortgagee. *In re Woolsey* (95 N. Y., 135, 144) it was held that this question was within the discretion of this court.

In *Depew* v. *Dewey* (46 How., 441; 2 T. & C. 515) about sixteen years had elapsed, and the right of action to redeem was barred by the statute of limitations.

It appears that this matter was made the subject of an action commenced by the petitioner for like relief sometime before

this proceeding was instituted, but how long before does not appear. It was merely shifted into and continued by the petition. In respect to the equity of redemption of the purchasers, they cannot be treated as *bona fide* purchasers. They have not paid the purchase-money. (*Jewett* v. *Palmer*, 7 Johns. Ch., 65; *Christie* v. *Bishop*, 1 Barb. Ch., 105; *Jackson* v. *Cadwell*, 1 Cow., 622.) They gave their note to their mother for the amount of the mortgage and secured its payment by a mortgage on the premises, which, evidently, is adequate security for the payment of the amount. The costs and expenses of the foreclosure action and sale will be repaid to them if a resale is had. And because they are not *bona fide* purchasers, the fact that the sale was for an inadequate sum, is entitled to consideration on this motion. It is only when the purchaser is a *bona fide* one that inadequacy of price paid, unless grossly so, may not alone be deemed sufficient to permit an order for a resale. (*Billington* v. *Forbes*, 10 Paige, 487; *Am. Ins. Co.* v. *Oakley*, 9 id., 259; *Burchell* v. *Voorhis*, 49 How, 247.) The sale was for a sum much below the then value of the premises. The proofs presented by the affidavits show the value to have been from $6,000 to upward of $8,000. With due allowance for the reduced prices for which judicial sales are frequently made, by reason of the necessity of providing means for immediate payment, the price bid for this property was very inadequate. The circumstances stated in the affidavits, on the part of the petitioner, are such as to impute to the parties to the foreclosure action, motives consistent only with a purpose to shift the title of the property from the father to the sons, and indicated that the foreclosure and sale may have been had for that purpose. Those charges and the alleged facts upon which they are based, as well as the imputation which might be inferred from them, are contradicted by the purchasers.

But the Special Term had them before it, and, so far as the matters stated in the affidavits and appeared by the proofs influenced the action of the court there, its discretion must be deemed to have been justified and fairly exercised. In this proceeding the transactions of giving the mortgage, and the assignments of it to Mrs. Brown and to Benjamin C. Brown, are entitled to no consideration, except so far as they reflect on the action and the motives of the parties to the suit in the transactions for, and of the sale after, the

decree. The substantial relief granted by the order appealed from was justified. It does not in terms, but in effect is designed to direct that the costs and expenses of the sale in question should be first paid to those purchasers out of the proceeds of the resale; It should so direct. And the order should be further modified so as to direct that the sale be vacated only as to the equity of redemption of the purchasers Brown, and the inchoate rights of dower of their wives in the premises, and that the resale be subject to the two mortgages only. This will clearly preserve the title of the mortgagors sufficiently, and for the purpose only of the support of the mortgages. And with the modifications suggested, the order should be affirmed.

CHILDS, J., concurred; HAIGHT, J., not sitting.

Order modified as indicated in the opinion, and as so modified affirmed, without costs. Ordered to be settled by BRADLEY, J.