## BONNETT *v.* BROWN.

*(Supreme Court, General Term, Second Department.* February 11, 1891.)

1. MORTGAGES—FORECLOSURE—RESALE.

On a motion for a resale of land sold under a mortgage, it appeared that the attorney for plaintiff in the foreclosure suit had been attorney for the owner of the mortgaged premises, and that he told her husband that there would be no deficiency judgment. Plaintiff's attorney testified that he made arrangements to have $25,500 bid at once, but was dissuaded from doing so by the owner and her husband, on the ground that, "if the bidding was started at $25,500, there would not be another bid." The property was bid in for plaintiff for $18,000, leaving a deficiency in the mortgage debt of over $7,000. Plaintiff conveyed the premises to one M. for $18,000. There was only one bidder at the sale, and an adjournment was refused. *Held,* that a resale was properly ordered.

2. SAME—SERVICE OF MOTION PAPERS.

The papers on a motion for a resale of property sold under a mortgage, and bid in for plaintiff, are properly served on the attorney for plaintiff in the foreclosure suit, though plaintiff conveyed the property to a third person.

Appeal from special term, Westchester county.

Action by William H. Bonnett, as executor, etc., to foreclose a mortgage. From an order granting a resale of the mortgaged premises, plaintiff and Alfred E. Marley, the assignee of the deficiency judgment, appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Jacob Halstead,* for appellants. *Norwood & Coggerhall,* for respondents.

BARNARD, P. J. The plaintiff, by virtue of a decree in foreclosure, sold the mortgaged premises in November, 1889. The premises were situated in Mamavonick, Westchester county. The decree was based on two mortgages given by Mary E. Vanderburgh and her husband to the executor of Peter Bonnett. Mary E. Vanderburgh before the sale had died, and had devised a life-estate in the premises to her daughter Eugenia V. Brown, with remainder to her children. The property consisted of two parcels, which were sold at the foreclosure sale for $18,000 upon the plaintiff's bid. An application was made to obtain a resale. That application was discontinued. Some different method appears to have been suggested to these parties. The plaintiff assigned his bid to Mrs. Iselin, and she was to purchase other adjoining land of Mrs. Brown. This assignment was never carried out. Mrs. Brown then offered to pay the claim of the plaintiff, and this she failed to do. In February, 1890, the referee gave his deed to the plaintiff. The premises were within a few days conveyed to Caroline E. Wilmertile for the sum of $18,000. This left a deficiency judgment of over $7,000. This deficiency judgment has been assigned to Alfred E. Marley. The present motion was made in July, 1890, and, in view of the fact that the remainder-men are two infant children, no suggestion of laches should prevail. The motion papers were properly served on the attorney for the plaintiff in the foreclosure action. *Pitt* v. *Davison,* 37 N. Y. 235. The resale was properly granted. The property brought an inadequate price, and while mere inadequacy of price is not a sufficient reason for a resale, if such inadequacy be coupled with any fraud or surprise, it will have great weight on an application for a resale. *Howell* v. *Mills,* 53 N. Y. 322. The papers show that the plaintiff's attorney in the foreclosure suit had been the attorney for Mrs. Brown; that he told her that the first bid would be enough to pay the mortgage debt. He assured Mrs. Brown's husband that he could represent Mrs. Brown and her children, as their interests were identical. There was apparently but one bidder present, and an adjournment was refused. The owner of the deficiency judgment bid in the property for the plaintiff. The plaintiff's attorney told Mr. Brown, plaintiff's husband, that there would be no deficiency judgment entered. The plaintiff's attorney did make an arrangement to have a $25,500 bid made at once, but he says that Mr. and Mrs. Brown dissuaded him

from so doing, as there would be no higher bidders; that "if the bidding was started at $25,500 there would not be another bid." The statement of Mr. and Mrs. Brown is not really contradicted, for if the arrangement or understanding was that the bid should equal the claim the result should have been reached by the plaintiff's attorney whether he commenced low or high in the amount of his biddings. Justice can only be reached by a resale, and the conditions are sufficient to protect the holders of the mortgage claim from injury. The purchaser at a judicial sale also buys subject to the right of the court to set it aside for good cause. The order should therefore be affirmed, with costs.