NICHOLL *vs.* NICHOLL and others.

Where a master, who has neglected to file security for the faithful discharge of the duties of his office, assumes to act as such master, and sells mortgaged premises under a decree of foreclosure, and the report of the sale is confirmed by the court, the objection that the master had not given security, as required by law, cannot be raised in a collateral suit so as to affect the title of the purchaser at such sale.

The remedy of the party whose property is sold, if the objection to the master's authority to sell is valid, is by an application in the foreclosure suit to have the sale set aside for irregularity. But such an objection, even if raised in the foreclosure suit, will not be listened to after a great lapse of time.

THE bill in this cause was filed to set aside various sales and conveyances of lands claimed by the complainant, and among other things, to set aside a sale made under a decree of the vice chancellor of the first circuit, in a suit for the foreclosure of a mortgage.

*G. Miller,* for the complainant.

*J. Dikeman,* for the defendants.

THE CHANCELLOR. This case comes before the court upon general demurrers to the complainant's bill. The bill contains a great variety of charges and allegations, some of which would probably have entitled the complainant to some relief if he had applied while he had any interest in the property in dispute. He has no pretence of claim at this time to the West Neck property, which he had previously mortgaged. It appears by his own showing, that in October, 1830, he was discharged under the insolvent act, and made an assignment of all his property to Joseph C. Albertson, for the benefit of his creditors;

1840.

Nicholl
v.
Nicholl.

and that the assignee afterwards sold the equity of redemption in the West Neck property to Samuel B. Nicholl. Although the property was sold for a very small sum I do not find any allegation that the assignee was defrauded in that sale. The mortgages were afterwards foreclosed in equity, and this complainant, as well as the purchaser of the equity of redemption from his assignee, under the insolvent act, were parties. The sale in that foreclosure suit, therefore, transferred all the complainant's equitable as well as his legal claim, if he had any, to the purchaser. And the decree in that suit cannot be opened upon this bill. It is alleged that Halsey, the master, had not filed a bond with sureties; and therefore was incompetent to act. I am inclined to think that objection cannot be raised even in the original suit, after this lapse of time, if it was ever valid. Certainly it cannot be raised in a collateral suit, after the master has made the sale, and the same has been confirmed by the court. The remedy of the complainant, if the sale was irregular, was to apply to the vice chancellor, in that suit, to set the sale aside; and to direct a new sale under that decree.

In relation to every other claim made by this bill, the complainant, by his own showing, has no right to bring the suit. By his assignment under the insolvent act all his interest in the estate, or in the rents and profits which had been previously received by any of the defendants, passed to Albertson, the assignee, for the benefit of the creditors. Albertson, therefore, was the proper party to bring the suit, if there was any good ground for relief here as to any of the matters stated in the bill; and a decree in this suit either in favor of or against the complainant, would not prevent Albertson from litigating the same matter over again with the defendants. The demurrers are, therefore, well taken. For by the complainant's own showing he has no title to sue, and the bill as to him, is destitute of all equity whatever.

There must be a decree allowing the demurrer and dismissing the bill with costs.