Johnson, J.
It is claimed that the sale made January 30, 1862, and the order of confirmation thereof, March 18, 1862, are void, and that plaintiff is now entitled to be let in to redeem, notwithstanding the sale and conveyance stated.
The ground of this claim is, that under the' act of May 1, 1861, his property was exempt from sale. This statute is entitled: “ An act, to exempt from execution the property of the militia of Ohio, mustered into the service of the United States,” and reads:
“That the individual, real and personal property of any person, who may belong to the militia of this state, and who shall be mustered into the actual service of the United States, under any requisition of the president, shall be, and the same is hereby declared exempt, during the time such person shall remain in the actual service of the United States and two months thereafter, from sale on any execution or order of sale issued on any judgment rendered by any of the courts of this state, and the individual personal property of such person shall also, for the period aforesaid, be exempt from the levy of execution, any law of this state notwithstanding.” 58 Ohio L. 113.
On the other hand it is claimed:
1. That this statute is in contravention of the constitution of the United States, because it impairs the obligation of tho contract embodied in the notes and mortgages on which tho judgment and-order of sale were founded.
2. But if not void, it only confers a personal right or privilege in favor of a judgment debtor who belongs to the Ohio militia in the United States service, which can be and has been waived.
3. That tho statute is not self-operating, but its immunity must be sought and obtained by the interposition of the soldier within some reasonable time. And it is claimed, that the present demand, now first interposed mure than twelve *488 years after tbe sale and confirmation, is stale, and barred by the statute of limitations. This statute does not operate to stay judicial proceedings in an action against one in the military service. Jt simply exempts his property from sale while in such service, and for two months thereafter. It does not apply to all judgment debtors, but only to persons belonging to the Ohio militia mustered into the actual service of the United States under any requisition of the president.
Whether the legislature had the power to pass this act has now ceased to be a question of public concern. While it was so, the general current of authority was, that an act like this, simply staying the power of sale for a definite period during a period of public war and great financial depression, in favor of soldiers in the active service, while the creditor was left free to prosecute his action, and to secure by judgment and. levy all possible security that an order of court or a levy could afford, did not impair the obligation of the contract.
In the view we take of this case, however, it becomes unnecessary to consider this question.
This act is unlike those statutes which, in terms, exempts from execution and sale specific property of the judgment debtor. There, the process in the officer’s hands definitely fixes the person whose property is to be exempted, and the law enumerates the specific property not subject to levy and sale. It does not depend' on the selection of property by the debtor, and ajoplies to all debtors alike. The officer takes such property at his peril, and if he takes property so exempted, he is a trespasser, and liis- levy and sale are void. Frost v. Shaw, 3 Ohio St. 270.
The act is for the benefit of a certain described class of persons. Whether a person belongs to that class is a question of fact, outside of the record or order of sale, of which neither the court nor the officer can take notice. The burden of bringing this fact before the court, so as to entitle the party to his exemption, is upon the person claiming to belong to that class. As in the case of exemptions dependent upon selection, the claim must be asserted at the proper time, and before the proper court or officer. The officer has no power to disobey *489 the command of the process in his hands upon an order of sale legally made. Again, like all other exemptions, whether of enumerated articles, or dependent upon selection, the right may be waived. Frost v. Shaw, 3 Ohio St. 270.
This being so, the sale and confirmation without objection is not void, but, at most, voidable only. The remedy for the debtor is to assert his privilege either by resisting the confirmation before the court, or, if he has had no opportunity to do this, by a direct proceeding in the foreclosure suit, to set aside the sale and confirmation. Being voidable only, the title cannot be attacked collaterally.
Wliat are the facts of this case ?
The notes and mortgage were given long prior to this statute. The action to foreclose and for judgment, and the judgment and order of sale, were made in due course of law. Subsequently the debtor, by being mustered into the United States service, became entitled to have the order of sale stayed while he was in such service, and for two months thereafter. Tie made an ineffectual attempt to do this by a petition for a restraining order, but this failed, either because he did not give the proper bond, or by the act of his attorney in dismissing the action. The fact that his attorney did this without his knowledge or consent cannot affect the action of the court, in "confirming a sale against which there was no objection interposed, after the dismissal of the action to restrain.
He made no further objection, by motion or otherwise, to the confirmation of the sale, or to the execution of the deed to the purchaser. He surrendered possession of the premises, and without objection, to the court or the purchaser, allowed the latter to take possession, and by sales and conveyances transmit title and possession to Monroe, and through him by sundry mesne conveyances to the present owners, none of whom had notice, so far as is alleged, of the plaintiff’s claim. It is not alleged that they are not Iona fide purchasers for a valuable consideration, and we must assume that they were.
The sale was confirmed in March, 1862, and this action was brought in November, 1874.
For more than twelve years he slept upon his rights, if he *490 had any after failing to object to the confirmation, and has allowed the property to be several times sold, and to pass into the hands of innocent holders.
His proper remedy in the first instance was, to object to the sale and confirmation. Aside from the provisions of the statute of limitations, the rule in chancery was, that the proper remedy for a party whose property was sold by a master without authority, was by an application in the foreclosure suit to have the sale set aside. But such an objection would not be listened to after a great lapse of time. Nichols v. Nichols, 8 Paige, 349.
Neither will a sale be set aside and a re-sale directed, to protect persons competent to protect their own rights, from their own negligence. American Ins. Co. v. Oakley, 9 Paige, 259.
The purchaser at such a sale has the right to be protected in his purchase, and after the sale has been confirmed, deed made and possession taken thereunder, his title is perfect until the proceedings in the foreclosure suit are opened up in a direct proceeding for that purpose. And this rule applies as well to a mortgagee who is a purchaser as to a stranger. Brown v. Frost, 10 Paige, 204.
This was á case of a purchase by a mortgagee, at his own sale in foreclosure, who received a deed from the master. On the same day, but after actual delivery of the deed, the mortgagor tendered the whole amount due' and demanded a redemption, which being refused, he filed an original bill in chancery to be allowed to redeem.
Chancellor Walworth, in deciding against the complainant, says, the decree in the original suit in foreclosure is conclusive upon the rights of the parties, and cannot be opened up or disturbed in a collateral way; and he expressed the very decided opinion “ that an original bill in chancery cannot be sustained by a party to a foreclosure suit, to impeach or set aside the proceedings upon a master’s sale under the decree, when there was nothing which could have prevented an application to the court, in that svM, for a re-sale, by those who are interested in the premisesand he cites numerous authorities to the effect *491 that the proper remedy is by a summary application, in the suit in which the foreclosure' decree was made, for relief.
The present action is in the nature of an original bill in chancery, filed in the superior cowrt, by the mortgagor, for a redemption of premises sold and conveyed under a decree of foreclosure, made in the court of common pleas of the same county, over twelve years before the commencement of this action. It is not an appeal to the same court in the same suit. This cannot be done unless the sale, confirmation and convey anees are nullities. Clearly they are not, but at most are voidable only.
No reason is shown why plaintiff did not appear and resist confirmation of the sale. If, after neglecting to do this, he was entitled to relief, he should state facts warranting the court in granting it. No such facts are stated even as against the heirs of Iddings, after the lapse of so many years, much less as against innocent bona fide purchasers.

Deirmrrer to the petition sustaineda/nd petition dismissed.