ANN MARIA DEEN, Respondent, *v.* WILLIAM MILNE, as Executor, etc., Appellant.

| 113    303 |
| e 78 AD 605 |

Where a stipulation between the parties to discontinue an action in the Marine Court of the city of New York and that a judgment therein shall be discharged and vacated of record had been lost, *held*, that the judgment-debtor could maintain an action to establish and compel the specific performance of the contract; that, assuming such debtor had a remedy by motion in the Marine Court, as to which *quære*, this was no defense to the action.

It is not a fatal obstacle to a suit for a specific performance that the contract does not relate to lands.

In such an action it appeared that, upon the trial of an action brought by the defendant against the plaintiff in the Supreme Court, the court held that the Marine Court judgment was a bar, and that to remove the obstacle the parties entered into the stipulation to discontinue. *Held*, that there was a sufficient consideration for the agreement.

*It seems* an agreement to discontinue an action includes, as a necessary con-sequence the vacation of a judgment, either interlocutory or final, entered therein.

Mere delay for a period, short of that prescribed by the statute of limita-tions, does not necessarily bar the action for specific performance of such an agreement; it must appear that changes have taken place and circum-stances occurred, rendering it inequitable to enforce the performance.

*Peters* v. *Delaplaine* (49 N. Y. 362) distinguished.

(Argued March 20, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 30, 1888, which modified, and affirmed as

modified, a judgment in favor of plaintiff, entered upon a, decision of the court on trial at Special Term.

This action was brought to establish and to compel the. specific performance of an alleged stipulation for the discontinuance of an action in the Marine Court of the city of New York, wherein the plaintiff here was plaintiff and the defendant's testator was defendant, and the cancellation of a judgment. entered therein against the plaintiff for costs.

The material facts are stated in the opinion.

*Edward C. Perkins* for appellant. The bare fact of the loss of a written instrument does not give a court of equity jurisdiction to enforce it. (*Walmsley* v. *Child,* 1 Ves. 341, 345 ; *Whitefield* v. *Faussat,* 1 id. 392; *East India Company* v. *Boddam,* 9 id. 466 ; *Mossop* v. *Eadon,* 16 id. 430, 434.) Whether relief is sought on the ground that the stipulations were lost, or on other grounds, the suit will not be entertained, if there is an adequate remedy at law. (Pomeroy's Eq. Jur. §§ 716, 717.) Plaintiff has an adequate remedy at law by motion in the City Court. (*Barry* v. *Mutual Ins. Co.,* 53 N. Y. 539 ; *Dietz* v. *Farish,* 43 Super. Ct. 87 ; *Dinsmore* v. *Adams,* 48 How. Pr. 274; *Gould* v. *Mortimer,* 16 Abb. Pr. 449 ; *Brown* v. *Frost,* 10 Paige, 243 ; *Nicholl* v. *Nicholl,* 8 id. 350 ; *McCotter* v. *Jay,* 30 N. Y. 80 ; *Libby* v. *Rosekrans,* 55 Barb. 219 ; *Am. Ins. Co.* v. *Oakley,* 9 Paige, 259.) The application to a court of equity for the rescission, cancellation or delivering up of written instruments and for specific performance, is not, strictly speaking, a matter of absolute right, upon which the court is bound to make a final decree.. (Story's Eq. Jur. § 693 ; *Seymour* v. *Delancy,* 6 Johns. Ch. 223 ; *Columbia College* v. *Thatcher,* 87 N. Y. 311.) By her gross laches, the plaintiff has forfeited any possible claim for relief. (*Smith* v. *Clay,* 3 Bro. Ch. 640 ; *Delevan* v. *Duncan,* 49 N. Y. 435 ; Story's Eq. Jur. § 78 ; Pomeroy's Eq. Jur. § 828 ; *Grymes* v. *Saunders,* 93 U. S. 55 ; *Godden* v. *Kimmell,* 99 U. S. 201 ; *Stearnes* v. *Page,* 7 How. 819, 828 ; *Lansdale* v. *Smith,* 106 U. S. 392 ; *Holgate* v. *Eaton,* 116

id. 33, 40; *Richards* v. *Marshall*, 124 id. 183; *Hayman* v. *Nat. Bk.*, 96 id. 611, 617; *Peters* v. *Delaplaine*, 49 N. Y. 367.) There was no consideration moving from the plaintiff for the stipulation; if made, it was an arrangement required by the court as a condition of continuing and carrying to a conclusion the litigation before the court, and one which imposed no burden on this plaintiff; and as that litigation has been discontinued by the parties, it was not intended and is not reasonable that the arrangement should be enforced. (Pomeroy's Eq. Jur. § 404.) Neither the evidence as to the making of the written stipulation nor that as to the purport of the oral stipulation is sufficiently clear to justify the interference of a court of equity. (*Hennessy* v. *Woolworth*, 128 U. S. 438, 442; *Colson* v. *Thompson*, 2 Wheat. 126; *Huddleston* v. *Briscoe*, 11 Ves. Jr. 591; *Harnett* v. *Yeilding*, 2 S. & L. 552, 553; *Badger* v. *Badger*, 2 Wall. 87, 95; *A. D. Co.* v. *James*, 94 U. S. 207.) An interlocutory judgment does not constitute *res adjudicata*, because it is only an intermediate step in the suit. (*Met. El. R. R. Co.* v. *Manhattan Co.*, 14 Abb. N. C. 215.) The oral agreement claimed to have been made between counsel is not enforceable. (*Carney* v. *Cooper*, 7 Paige, 588; *Livingston* v. *Gibney*, 25 How. Pr. 1; *Banks* v. *Tract Society*, 4 Sandf. Ch. 438.) To declare that a judgment in another court valid when entered, and not impeachable for fraud or want of jurisdiction, be vacated and canceled of record is beyond the power of the Supreme Court. (Story's Eq. Jur. §§ 875, 1571, 1572, 1574.)

*Esek Cowen* for respondent. The loss of a paper, the existence of which is essential to the rights of a party, has always been held to be ground for equitable relief. (Story's Eq. Jur. §§ 81–89; Willard's Eq. Jur. 52.) In contracts relating to personal property a specific performance will be decreed if damages alone are not an adequate remedy. (Pom. on Specific Performance of Cont. §§ 10–20, 22; *Kelly* v. *Dee*, 2 T. & C. 286; *Phillips* v. *Wicks*, 38 Super. Ct. 74.) The Supreme

Court had ample jurisdiction to entertain the action and to grant the relief demanded in the complaint, and finally given by the judgment appealed from. (*Jewett* v. *A. C. Bank,* Clarke's Ch. 242; *Harper* v. *Hall,* 1 Daly, 498; *McMahon* v. *Rauhr,* 3 id. 116.)

PECKHAM, J. Upon the trial in the Supreme Court of the action of *Wilson* v. *Deen,* the parties entered into an agreement in writing that a former action commenced in the Marine Court of New York by Mrs. Deen against Wilson, in which the defendant had obtained judgment for costs, should be discontinued and the judgment entered therein should be vacated and canceled. This is one of the findings of fact made in this case, and, although the evidence is to some extent, perhaps, conflicting, yet there is enough upon which the trial court could base its findings within any rule as to the clearness and fullness with which an agreement must be proved where a decree for a specific performance of its terms is asked for.

The original written stipulation signed by the attorneys for the plaintiff in the suit in the Supreme Court has been lost, but its terms were quite sufficiently proved by the production of a duplicate signed by the attorneys for the other side at the same time. It was executed on or about December 2, 1874. The judgment of the Marine Court has never, in fact, been vacated of record, and this action was commenced July 22, 1884, and the relief asked for was that the Marine Court judgment might be vacated and set aside by reason of the agreement above mentioned (and which was set forth in the complaint, and its loss alleged), and that the defendant should be required to file in the Marine Court the consents in his possession, or under his control, to the vacating of such judgment, and that such action should be adjudged discontinued by the consent of the parties. The defendant answered, setting up several defenses.

The action is simply one to compel the specific performance of the agreement to discontinue the Marine Court action and to vacate the judgment entered therein.

Although the agreement does not relate to lands, yet that is no fatal obstacle to a suit for a specific performance. (Pomeroy on Con., Spec. Per. § 10 *et seq.* and authorities cited in notes.)

The contract having been lost, the plaintiff herein could not go to the clerk of the Marine Court and ask to have the judgment vacated of record on her mere statement as to what such agreement was. Possibly, if the stipulation were in existence, the plaintiff might have produced it to the Marine Court and asked to have an entry vacating the judgment properly made. But it was lost, and in order to obtain any relief it was necessary to establish, or, in other words, to prove the making of the agreement, and then have it specifically enforced. There was no adequate remedy at law in the sense in which that term is used under such circumstances. In refusing the specific performance of a contract duly proved, but of which, for some reason, it is held to be inequitable to decree specific performance, the court says, upon such refusal, that it leaves the party to his remedy at law, meaning thereby to an action at law to recover his damages for the refusal of the defendant to carry out his contract. The plaintiff here has no such remedy which is at all adequate. It is by no means clear that the plaintiff had any remedy by motion in the Marine Court, for she would have to establish the agreement and then ask the court to carry it out on motion. Whether the Marine Court has any such equitable power is, perhaps, questionable. But the cases where the court has refused to take jurisdiction of an original suit to set aside a sale made in another suit, under a decree for such sale, have no bearing here. They were cases of original bills filed to obtain a resale of mortgaged premises under a decree in a former suit, where the sale was alleged to be irregular for some reason, or the application was on the ground of inadequacy of price, surprise, and the like; and it has been always held that such relief must be asked for in the original suit and on motion to open the sale and have another one ordered. Such are the cases of *Nicholl* v. *Nicholl* ( 8 Paige, 349 ); *American*

*Insurance Company* v. *Oakley* (9 id. 259); *Brown* v. *Frost* (10 id. 243); *Libby* v. *Rosekrans* (55 Barb. 202, 219); *McCotter* v. *Jay* (30 N. Y. 80); *Gould* v. *Mortimer* (16 Abb. Pr. 448). The cases proceed upon the assumed validity of the judgments, but ask to have the sale thereunder set aside and a new sale ordered, for the reason of some alleged irregularity or as a favor.

Here the plaintiff must establish an agreement, and then the court is asked to specifically enforce it. The fact that the agreement when established or proved relates to the vacating of a judgment in some other court is wholly immaterial. It is the defendant who has agreed to have it vacated, and the court is asked to compel him to perform his contract. If the plaintiff had another remedy by motion to another court to compel the defendant to thus perform his contract, it would be no answer to this action, for in such event it would only show that the plaintiff could apply in either court and obtain relief on proving his case. In both courts the character of the relief would be the same, the contract would be specifically performed and the judgment would be vacated. It is in no sense the case of another and adequate remedy at law.

The defendant also claims there was no proof sufficiently clear and convincing in its character, as to what the agreement between the parties in fact was, to authorize a decree for its specific performance. A portion of the alleged agreement was, however, proved beyond any room for cavil or dispute. There was a conflict as to whether there was, when the agreement was made, a written stipulation also entered into, and also as to what were the terms of the oral agreement, and it is contended by the defendant that the oral agreement to discontinue (which is admitted to have been made), related only to a discontinuance of the appeal which had been taken by the plaintiff (Mrs. Deen) from the Marine Court judgment, and not to the discontinuance of the action itself. But the conceded condition of the case then on trial in the Supreme Court shows overwhelmingly that the agreement must have been one to discontinue the action, for such discontinuance was the only answer that could

have been made to the objection, which all agree was taken by the trial judge, to going on with the case while the action remained in the Marine Court.  There is no doubt in our minds from reading the evidence that it was proved clearly, and beyond any fair doubt, that there was an agreement to discontinue the action in the Marine Court, and that thereupon the trial in the Supreme Court proceeded to judgment.  It is thus wholly immaterial whether the stipulation to discontinue and to vacate the judgment was ever entered into in writing or not, and equally immaterial whether or not the writing (if originally made at the trial), contained anything but a stipulation to discontinue the action.  Either the oral agreement or the written stipulation to discontinue the action included as a consequence the vacation of the Marine Court judgment, whether so expressed or not.  (*Loeb* v. *Willis*, 100 N. Y. 231.) This is the effect of the decision in the above case.  It is true there was an interlocutory judgment entered in that case; but we do not see any difference, so far as this question is concerned, between an interlocutory and a final judgment, as both are included in the meaning of such a stipulation.

The defendant also contends that there have been great laches in this case, and that hence, although the action was brought before the statute of limitations attached, yet he claims that the courts do not take jurisdiction of actions such as this and enforce their specific performance, where, by reason of the delay, it would be against equity and good conscience so to do.  The principle contended for is undeniable.  (*Peters* v. *Delaplaine*, 49 N. Y. 362.)  But mere delay, short of the statute, does not necessarily bar the action.  There must be facts from which it appears that changes have taken place, and circumstances have occurred on account of which it would be inequitable to enforce the performance.  In the case cited above almost every conceivable reason was present which went to prove that it would have been gross injustice to make such a decree therein.  Nothing of the kind appears here.  The plaintiff never discovered the loss of the stipulation until in May, 1883, and the action was commenced in July, 1884.  The only reason

that can be suggested of any harm to the defendant's side of the controversy on account of this lapse of time, lies in the fact of the death of the defendant's testator, who was in court as one of the parties when the agreement was made.    But what has already been said is an answer to this objection.    Upon the conceded facts of the case there can be no doubt that there was an agreement to discontinue something, and, from the same facts, we think there can be no doubt that the agreement was to discontinue the Marine Court action, which, as we have seen, included the vacation of the judgment in that court. No real harm can, therefore, have happened defendant, owing to the death of his decedent and the consequent loss of his testimony, for the agreement to discontinue the action was proved substantially from the testimony in which all parties agreed, and from which the agreement to vacate the judgment followed as a necessary inference.

We also think the plaintiff, in the Supreme Court action, obtained full consideration for the making of the agreement to discontinue the Marine Court action.    He had brought his action in the Supreme Court and found an insuperable obstacle to its trial, under the rulings of the judge, in the existence of the Marine Court judgment, and, in order to get rid of such obstacle, and to enable him to go on with the trial of his action in the Supreme Court, the parties agreed to discontinue the Marine Court action; and thereupon the trial proceeded and the plaintiff therein succeeded and obtained a judgment, which was finally reversed in this court.    ( *Wilson* v. *Deen,* 74 N. Y. 531.)    The consideration for the agreement was, therefore, ample.

We have looked through the case relating to the alleged errors in the admission of evidence, but find none to justify a reversal of the judgment.

It should, therefore, be affirmed, with costs.

All concur, except Gray, J., not sitting.

Judgment affirmed.