Second Department. February 11, 1895.) Action by Mathew S. Frazier against James Stewart and another on an account. Joseph F. Daly, for appellants. John F. Brennan, for respondent.

PRATT, J. This is an appeal from a judgment entered upon a verdict of a jury for the sum of $1,043.43. The weight of evidence was decidedly with the defendants that the statute of limitations had run against the whole claim except the sum of $84. The only material question upon this point related to two payments made by the defendants within six years previous to the bringing of the suit, and the plaintiff concedes that, if those payments were not made on the general account, then the statute has barred all except the sum of $84. The claim of defendants was that these two payments—one of $22, and the other of $17—were made upon and for two specific items. This was sworn to positively by the paymaster of the defendants, and the circumstances attending the payment are not rebutted by any witness for the plaintiff. In fact, I think the evidence of the defendants' paymaster is corroborated by the books of the plaintiff, as in the books of plaintiff two items are charged for these same amounts on the date just prior to the payments, and right opposite is a credit of cash. The payments were for the exact amount of the items. The bookkeeper of plaintiff, who received the payments, admitted that the paymaster said something, but could not remember what; while the paymaster testifies that he said that the payments were made upon the two items of credit which were for the precise amount and had recently accrued. Under all the circumstances, we think the judgment should be reduced to the sum of $84, and judgment rendered for $84. If the plaintiff shall stipulate to reduce the judgment to that amount, then he may have judgment for that amount and costs; otherwise, a new trial is granted. All concur.

In re GAINES' WILL. (Supreme Court, General Term, Second Department. February 11, 1895.) Proceeding for the probate of the last will and testament of Myra Clark Gaines, deceased. No opinion. Appeal dismissed, without costs. See 26 N. Y. Supp. 312; 31 N. Y. Supp. 664; 32 N. Y. Supp. 398.

GIMPEL, Appellant, v. WILSON et al., Respondents. (Common Pleas of New York City and County, General Term. February 4, 1895.) Action by Henry Gimpel against Peter K. Wilson and another. Wm. R. Wilder, for appellant. Blumenstiel & Hirsch, for respondents. No opinion. Motion for reargument. Motion denied, with $10 costs. See 30 N. Y. Supp. 942.

GOLDBERGER, Respondent, v. GALLAGHER, Appellant. (City Court of New York, General Term. February 11, 1895.) Action by Samuel Goldberger, as sole surviving partner of H. Moeler & Co., against Essie M. Gallagher. Charles A. Flammer, for appellant. Hahn & Myers, for respondent.

FITZSIMONS, J. The complaint alleges delivery of the goods in question. The answer, by not denying that material allegation, admitted it. So it was not necessary for the plaintiff to have proven delivery. Defendant's plea of former action pending was not sustained by any of the testimony submitted. In fact, the testimony of even defendant shows that the action referred to was abandoned and discontinued by express agreement of the parties thereto. A formal order of discontinuance, entered and filed in the court where said action was pending, while advisable, was not necessary. The answer of the defendant certainly admitted an indebtedness of $125, under the agreement mentioned in paragraph 111 of the answer, providing the jury believed that she refused to carry out said agreement unless she received a receipt for the money paid plaintiff under such agreement. They evidently believed that to be so. They could not well do otherwise, because the defendant so testified. Therefore, her answer, as before shown, she having admitted the making of the agreement, and her testimony showing that she refused to carry out the terms of said agreement (except to the extent of $25) unless plaintiff gave her a receipt for money paid,—something she was not in law entitled to, as a matter of right,—is in law an admission of her indebtedness to the extent of $125; and therefore the trial justice was right in directing the jury to find a verdict for plaintiff for at least that amount. These are the only points raised by the appellant's counsel, and, as we have pointed out, they are, in our judgment, without legal merit. We have examined the appeal record to find out whether or not any error was made, and, finding none, the judgment must be affirmed, with costs.

GOLDSTEIN, Respondent, v. STRAIT et al., Appellants. (Supreme Court, General Term, Third Department. February 26, 1895.) Action by Moses F. Goldstein against Grace E. Strait and others. No opinion. Judgment affirmed, with costs.

GREVE v. AETNA LIVE-STOCK INS. CO. (Supreme Court, General Term, First Department. February 15, 1895.) Action by Louis Greve against the Aetna Live-Stock Insurance Company. No opinion. Motion granted. See 30 N. Y. Supp. 668.