Freedman, J.
The injunction continued during the pendency of the action by the order appealed from restrains the defendant from suing or prosecuting the plaintiff in any action at law or in equity in violation of the terms of a certain agreement of compromise and settlement made by her with the plaintiff, and particularly from further proceeding in an action brought by her against him in this court, in violation of the terms of said agreement and settlement. The present action was brought in equity to compel the defendant to specifically perform an agreement of settlement and compromise by her entered into with the plaintiff, and for a permanent injunction restraining her from violation of the said contract. If the action will lie as brought, the record be *346 fore us discloses sufficient ground in support of the order appealed from, and in such case the order may be sustained under sections 603 and 604 of the Code of Civil Procedure. The principal question, therefore, is whether the plaintiff can maintain the action as brought.
The material allegations of the complaint, briefly stated, are as follows :
“ That prior to May 21,1892, the defendant falsely charged the plaintiff to have been the father of certain children by her theretofore begotten, and with having promised to marry her, and with having promised to make substantial provision for her in case of his death; and also that defendant had rendered certain services to the plaintiff as housekeeper. That to avoid scandal and to purchase his peace, etc., the plaintiff, on May 21, 1892, entered into an agreement with the defendant whereby, for a valuable consideration then and there paid to her, the defendant contracted and agreed to release the plaintiff from any and every one of her •claims arising in any manner from any of the matters above set forth, or from any matter, cause, or thing whatsoever from the beginning of the world down to said 21st day of May, 1892, and that ■she should never thereafter sue or cause him to be sued hy virtue thereof.. That thereupon, pursuant to said agreement, the defendant executed, acknowledged, and delivered to the plaintiff a general release under seal. That thereafter, and on 'the 29th day of May, 1892, the defendant began an action in the supreme court against the plaintiff to recover $250,000 damages, on substantially the same ground. That again, to avoid scandal, etc., and irreparable damage, etc., and to buy his peace, etc., the plaintiff entered into another and further contract with the defendant on June 2, 1892," whereby, in consideration of the sum of $6,000 to the defendant then paid, the defendant contracted and agreed that she would not thereafter in any manner communicate with, harass, or annoy the plaintiff by suits at law or in equity, in person, by procurement, or otherwise, by virtue of any claim or claims theretofore made by her ; that the action then begun by her should be discontinued ; and that the plaintiff should be released and discharged from any and all claims, etc. And, in consideration of said sum of $6,000, the defendant further agreed to ratify and confirm her prior general release to the plaintiff, dated May 21,1892; ■and she then and there duly swore to the due execution thereof by her, and that she intended and agreed then and now to be irrevocably bound thereby. That thereafter, on the 9th day of March, 1894, in violation and breach of said agreements of settlement and compromise, the defendant caused another action to be commenced against the plaintiff in this court, upon substantially the same claims as theretofore made and released by her. That in this action she claimed damages in the sum of $170,000. That the said action is at issue and on the calendar of this court, awaiting trial. That the complaint therein is unverified ; and that the answer therein of this plaintiff consists of a general denial, duly-verified. That plaintiff is a member of the New York Stock Exchange, and has conducted the business of banking and brokerage *347 at Nos. 25, 35, and 49 Wall street, in the city of New York, for the last twenty-two years. That he is a member of a number of -clubs, organizations, and exchanges, wherein his character and good repute are of pre-eminent value to him and to his business. That if this defendant is permitted to break and violate her said agreements not to sue this plaintiff, and to be bound and forever barred by the said general release as hereinabove set forth, the prosecution and trial of the said action will produce irreparable wrong, injury, and damage to this plaintiff, to his credit, and to his business, as also to his reputation and feelings; and that the prosecution of said action is against equity and good conscience. That the said injuries will be great and irreparable, and cannot be compensated for in money. Wherefore plaintiff prays judgment that the said defendant, her agents, attorneys, and servants, be forever enjoined and restrained from prosecuting the action commenced and now pending in the superior court in the city of New York against this plaintiff; and also from bringing or prosecuting any other action or proceeding against this plaintiff, at law or in equity, upon any alleged right, claim, or demand whatsoever accruing or accrued, or so claimed by her to be due and owing by plaintiff to said defendant, Forster, prior to June 2, 1892, the date of said agreement and general release, and that as to any and all of the said .alleged claims or demands so accruing, or claimed to be so accrued, this court declare the said general release and agreement a perpetual bar; and from in any manner persecuting, harassing, importuning, communicating with, or annoying the plaintiff, etc.”
The defendant contends that upon this complaint the plaintiff cannot obtain, as final relief by judgment, a perpetual injunction restraining the prosecution of her action in this court, for the reason that it fully appears that the plaintiff has an adequate remedy at law by pleading his alleged agreements and releases as a bar to said action, and that, therefore, plaintiff’s complaint does not state facts sufficient to constitute a cause of action.
It may be conceded that, as an abstract proposition, it is true that a court of equity will not restrain an action at law when the question is the same at law and in equity, and, furthermore, that the fact that the plaintiff failed to plead in defendant’s action the defense in bar now disclosed does not entitle him to injunctive relief in the present action, because the court has the power, on his motion, to permit him to amend his answer in defendant’s action by adding the defense in bar. The difficulty with defendant’s contention is that the facts set forth in plaintiff’s complaint are sought to be made available not only for the purpose of defeating defendant’s action, but also for the purpose of preventing the institution of future actions or proceedings, or the threats of any, and thus to make further annoyance impossible. The action of the plaintiff is in the nature of one for the specific performance of a covenant, and the principal final relief sought to be obtained is an injunction, the violation of which would render the defendant liable to be punished for contempt. The power of a court of equity to restrain the breach of a contract where the injury from a violation *348 of it would be irreparable in damages is well settled. 10 Am. & Eng. Enc. Law, pp. 937-942, and eases there cited. And the tendency in this country is to extend the equitable jurisdiction to all cases in which either of the parties is fairly entitled to a more perfect relief than he can get at law. Wat. Spec. Perl § 16. The case of Sampson v. Wood, reported in a note to Carpenter v. Keating, 10 Abb. Pr. (N. S.) 223, is on all fours with the case at bar, and in it the right to injunctive relief was upheld.
Beach on Injunction (ed. 1895, § 567) says:
“Thus, if a person, in disregard of his agreement to execute certain releases, brings an action on the claim which was agreed to be released, the defendant is entitled to have the action restrained, and to a decree for the specific performance of the agreement to release.”
And in support of this proposition he cites Baker v. Hawkins, 14 R. I. 359, which, on examination, will be found a well-considered case.
In Deen v. Milne, 113 N. Y. 303; 22 St. Rep. 620, where a stipulation between the parties to discontinue an action in the marine court, and that a judgment therein should be discharged and vacated of record, had been lost, it was held that the judgment debtor could maintain an action to establish and compel the specific performance of the contract, and that, assuming such debtor had a remedy by motion in the marine court, this was no defense to the action.
Many other analogous cases could be referred to, but the authorities already cited sufficiently demonstrate that the plaintiff has shown more than a mere defense to defendant’s action, and that he may claim independent equitable relief.
The question, then, remains whether the defendant’s action having been first commmenced, the plaintiff, under our Code practice, was bound to set his claim up in that action by way of a counterclaim. This question must be deemed to have been determined in Brown v. Gallaudet, 80 N. Y. 413, where it was expressly held that the defendant, in all actions in a court of record, is not bound to avail himself by way of counterclaim of an independent cause of action existing in his favor against the plaintiff, and that the rule in this respect was not changed by the Code. There has been no change in the Code since that time prescribing a different rule.
The other points raised by the brief of appellant’s counsel do not require special notice. The order appealed from should be affirmed, with $10 costs and disbursements.
All concur.