MAGGIE J. L. HEMPY, as Executrix, and WILLIAM H. MARTENS and
    Others, as Executors of the Last Will and Testament of GERD
    MARTENS, Deceased, Respondents, v. CHARLES GRIESS, Appellant.

*Stipulation to open a default in an action — estoppel as to an attorney's authority.*

The attorneys for the plaintiffs in an action, who have drawn up a stipulation
    which has been entered into, and in which an attorney is recited to be the
    "attorney for the defendant," are estopped from afterwards questioning his
    authority.

Where the stipulation, resting upon a good consideration, provides "that the
    attorneys for the plaintiffs will open the default of the defendant and vacate
    and set aside said judgment and discontinue said action, and thereafter com-
    mence a new action," a formal order of discontinuance, entered and filed in the
    court where the action is pending, although advisable, is not necessary, and
    the defendant cannot be prejudiced in his rights because the plaintiffs have
    failed to carry out their part of the agreement.

Such a stipulation, in fact, discontinues the action and vacates the judgment, and
    all subsequent proceedings attempted to be taken under the authority of such
    judgment are in violation of the defendant's rights.

APPEAL by the defendant, Charles Griess, from an order of the
Supreme Court, made at the Kings County Special Term and
entered in the office of the clerk of the county of Westchester on
the 7th day of March, 1898, denying the defendant's motion for an
order vacating and setting aside a judgment of foreclosure and sale,
entered in the office of the clerk of the county of Westchester on
the 29th day of October, 1895, and requiring the plaintiffs, or their
attorneys, to surrender and deliver up to the defendant a certain
stipulation alleged to have been made by the plaintiffs' attorneys
with Charles Griess, consenting that the judgment of foreclosure
and sale be vacated and set aside.

*Norman A. Lawlor*, for the appellant.

*Terry Smith*, for the respondents.

WOODWARD, J.:

This action was brought to foreclose a mortgage, judgment therein
being taken by default. On the 26th day of December, 1895, and
soon after the entry of judgment, the attorneys for the plaintiff
entered into a written agreement with Norman A. Lawlor, attorney

for the defendant, which agreement, produced on the argument of this motion by the plaintiffs, who had previously denied its existence, reads as follows:

'WHEREAS, a judgment of foreclosure and sale has been made and entered in the above-entitled action .in favor of the plaintiffs and against the defendant, and

"WHEREAS, the said defendant has duly served upon us a notice of appearance in said action, and desires a discontinuance and new action, etc., for the purpose of bringing in additional parties defendant;

"*Now, therefore,* in consideration of the premises and mutual promises of each to the other, and one dollar each to the other in hand paid, it is agreed and stipulated:

"1st. That we, the attorneys for the plaintiffs, will open the default of the defendant and vacate and set aside said judgment and discontinue said action, and thereafter commence a new action with one          ·, the alleged wife of the defendant, a party defendant, and also the parties named as judgment creditors of the defendant, as appears on the record of judgment as a prior lien to this mortgage as parties defendant, and that we will delay for a period of at least six months unless from the date hereof any proceeding for the actual sale of said premises under this or any judgment of foreclosure.

"And the said Lawlor, attorney for the defendant, agrees that, in the event of said premises being finally sold under any judgment of foreclosure, with or without said parties above as parties defendant, that said premises will, upon such sale, realize a sum at least equal to the amount of the plaintiffs* of said bond and mortgage with interest up to date of sale and the taxable costs and allowance, and the said Lawlor agrees to pay any deficiency arising from a sale as aforesaid.

"It is further understood and agreed that if after the expiration of 30 days from the commencement of said new action, the alleged wife or other parties cannot be personally served with the summons and complaint, the plaintiff can amend her summons and complaint by striking their names therefrom as parties defendant, and prosecute to judgment said foreclosure the same as originally commenced without prejudice to plaintiff and the principal, interest,

---

* *Sic.*

allowance and taxable costs on *such said last foreclosure* is guaranteed by said Lawlor as aforesaid and which he agrees to pay.

"The said Lawlor also agrees to appear as attorney for the said Charles Griess, the said Griess hereto consenting, and accept service of all papers for said Charles Griess.

"In witness whereof, the parties hereto have affixed their names this 26th day of September, 1895."

This paper, as it appears on the record, is signed only by Norman A. Lawlor, attorney for Charles Griess, defendant; but the attorneys for the plaintiff do not dispute that the duplicate was signed by them, and in their letter in which they demand of the defendant's attorney that he shall make an election, they refer to this contract as follows: "Under the guaranty that you executed in the Griess mortgage matter in the case of *Hempy and others et al.* vs. *Griess,* the six (6) months having long since expired," etc. Here, then, is a contract, entered into for a lawful purpose, upon a good and sufficient consideration, and the defendant asks that this court compel the plaintiff's attorneys to carry out this contract. If this was an action in a court of equity, and the defendant appeared as the plaintiff, asking for a specific performance, it would clearly be within the discretion of the court to grant the prayer, and we have been able to discover no good reason why it should not be done under the present circumstances. Various objections are raised upon the part of the attorneys for the plaintiff, but none of them, it seems to us, are calculated to subserve the ends of justice, and they ought not, therefore, to be available to defeat the appeal of the defendant.

It is urged that Charles Griess, who makes the moving affidavit, has no standing before this court, as the contract was made with Lawlor, but the plaintiff's attorneys having drawn the contract (as was conceded on the argument) in which it is recited that Mr. Lawlor is the "attorney for the defendant," they are estopped from questioning his authority, or the relation which the defendant bears to this action. They come within that rule of law "that a man's deeds and his words shall be taken strongliest against himself," as Lord BACON quaintly puts it, in his Maxims of the Law, Regula III, at page 22 of volume IV of his works, and of that other rule so tritely expressed by Lord KENYON, that a man shall not be permitted to "blow hot and cold" with reference to the same transaction, or

insist at different times on the truth of each of two conflicting allegations, according to the promptings of his private interest. (Broom Leg. Max. *169.) Mr. Griess, as the client of Mr. Lawlor, may, for the purposes of this proceeding, be considered as having an interest in and being a party to the contract. As the contract was made in his behalf, he has a right to the enjoyment of the benefits of that contract, and he has all the rights which any other party in interest would have in this court.

It is urged, too, that the stipulation for discontinuance, or the contract, was in the alternative, and that Lawlor was asked to make an election under the contract, which he refused to do, thus waiving his right to relief. If the contract to discontinue was in the alternative, there would be much of force in this proposition; but we are unable to discover any such condition in the instrument submitted by the plaintiff, unless it is in the involved clause to be found in the paragraph at the top of page 33, the meaning of which we do not attempt to determine, and which may be in the alternative or almost anything else. It certainly is not sufficiently clear to warrant us in predicating any action upon it adverse to this defendant.

It is contended also that Lawlor has no standing in court, as he was not the attorney of Griess; but this point has already been sufficiently considered on the question of the standing of Griess, and it is not necessary to go into it further.

On the question of *laches* we do not think that a man standing upon a written contract can be said to have waived any of his rights because he has refused to take notice of a demand that he shall make an election under that contract, when there is no provision for such an election in the instrument. The contract entered into stipulated that " we, the attorneys for the plaintiffs, will open the default of the defendant and vacate and set aside said judgment and discontinue said action, and thereafter commence a new action," and while, as was said in the case of *Goldberger* v. *Gallagher* (11 Misc. Rep. 448), " a formal order of discontinuance entered and filed in the court where said action was pending" was advisable, it " was not necessary," and the defendant could not be prejudiced in his rights because the plaintiff had failed to carry out his part of the agreement.

In the case of *Deen* v. *Milne* (113 N. Y. 303), which presents,

in some of its aspects, a case strongly resembling the one at bar, though the evidence of the contract was not so clear as in this one, the court say : " There is no doubt in our minds from reading the evidence that it was proved clearly, and beyond any fair doubt, that there was an agreement to discontinue the action in the Marine Court, and that thereupon the trial in the Supreme Court proceeded to judgment.   It is thus wholly immaterial whether the stipulation to discontinue and to vacate the judgment was ever entered into in writing or not, and equally immaterial whether or not the writing (if originally made at the trial) contained anything but a stipulation to discontinue the action.   Either the oral agreement or the written stipulation to discontinue the action included as a consequence the vacation of the Marine Court judgment, whether so expressed or not."

The attorneys for the plaintiffs, in signing the contract in which they stipulated to discontinue the action and to vacate the judgment, did in fact discontinue the action and vacate the judgment ; and all proceedings on their part, under the pretended authority of the judgment of foreclosure and sale, were without warrant of law, and in violation of the rights of the defendant

The order appealed from is, therefore, reversed, and the defendant's motion to enforce the stipulation is granted, with the costs of this action.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.