Sidney A. Fine, J.
Plaintiff Jarcho, and the testator of his coplaintiff, Scherl, sued for the reasonable value of legal services rendered to defendant’s wife. The services were performed in connection with the preparation of a proposed separation agreement, for execution by defendant and the wife. The canse of action is based on the theory that such services were necessaries furnished to the wife, for which her husband is liable.
An attorney may maintain an action against a husband for legal services rendered to the latter’s wife, on a showing that the conduct of the husband was such that the services were reasonable and proper for the protection of the wife (Levine v. Raymond, 3 A D 2d 36; Naumer v. Gray, 28 App. Div. 529).
The affirmance by the Appellate Division of the separation decree in favor of the wife (Borchard v. Borchard, 5 A D 2d 472) cannot be availed of by plaintiffs as an adjudication that the wife was entitled to a separation, in view of the fact that a stipulation was subsequently entered into which discontinued the separation action (Loeb v. Willis, 100 N. Y. 231, 235; Deen v. Milne, 113 N. Y. 303, 309; Brown v. Cleveland Trust Co., 233 N. Y. 399, 406). Although both the wife and defendant were present throughout the trial, plaintiffs offered no independent evidence that defendant’s conduct toward his wife was such as to justify her seeking a separation from him. There is, however, evidence in the record upon the basis of which the court finds that defendant made .it necessary for his wife to retain attorneys to represent her in the attempted negotiation of a separation agreement. Defendant suggested that his wife be represented by Ms own attorneys in the negotiations. A proper protection of her interests required that she reject this suggestion and retain her own attorneys to represent her in the negotiations. In the circumstances, the legal services rendered by *659 Jarcho and Scherl were necessaries furnished to the wife, for which defendant is liable.
The court finds that defendant had not supplied his wife with adequate funds to enable her to pay for the services herein sued for. The wife was not obliged to resort to her separate estate, that is, assets which had not come to her from defendant (De Brauwere v. De Brauwere, 203 N. Y. 460, 463-464; Merritt v. Merritt, 99 N. Y. 643).
The court further finds that the $4,000 paid by the wife to Jarcho and Scherl represented compensation for services not involved in the present action. Those services related to personal matters of the wife, for which plaintiffs did not consider defendant to be liable. Whether the payment was excessive, as claimed, is no proper concern of the defendant. His wife was free to make whatever payment she -wished for services for which defendant was not liable.
The release given to the wife expressly reserved plaintiffs’ claim against defendant. Nor did the release given by the wife herself to defendant, in the court’s opinion, have the effect of discharging defendant’s liability to the plaintiffs. That liability had accrued long before said release. The wife could not by her unilateral act deprive plaintiffs of their already accrued cause of action against defendant. A contrary holding could result in often depriving attorneys of their duly earned compensation, particularly in cases where the wife is unable to pay their fee.
The court finds that the plaintiffs are entitled to recover, on their first cause of action, the reasonable value of the services rendered, which the court finds to be $3,500.
The second cause of action, which seeks the same relief as the first, on the theory that the services were rendered “ at the special instance and request of the defendant ”, is dismissed as unproved. Furthermore, in view of the recovery on the first cause of action, the second cause is superfluous.
There is testimony tending to indicate that defendant was willing to pay a fee to Jarcho and Scherl, but the court finds that this was conditioned upon the execution of a separation agreement (satisfactory to defendant as well as his wife) as the result of the efforts of Jarcho and Scherl. This never occurred. It is to be noted that the amount defendant may have been ready to pay Jarcho and Scherl, if an agreement satisfactory to him was executed, has no bearing upon the reasonable value of their services.
Judgment is directed for plaintiffs for $3,500 with interest from May 26, 1955? with costs and disbursements.
*660 All motions upon which decision was reserved, are denied with appropriate exceptions.
The foregoing represents the decision of the court. (See Civ. Prac. Act, § 440.)