**Harry E. BERGER**

v.

**GRACE LINE, INC.**

**Civ. A. No. 68–2495.**

United States District Court,
E. D. Pennsylvania.

Dec. 1, 1971.

On Petition to Enforce Settlement
Agreement Feb. 4, 1972.

Harry E. Berger, pro se.

E. Alfred Smith, Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HAROLD K. WOOD, District Judge.

Plaintiff, a seaman proceeding pro se, has moved for a change of venue to the Eastern District of New York pursuant to 28 U.S.C. § 1404. In support of his motion he states that he resides in New York and that all witnesses and records are located in New York. For reasons hereinafter stated, plaintiff's motion will be denied.

There is some question as to whether a plaintiff who voluntarily chooses his forum may move for a change of venue under § 1404. See e. g. Trader v. Pope & Talbot, Inc. v. Jarka Corp. of Phila., 190 F.Supp. 282 (E.D.Pa.1961); Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782 (6th Cir. 1961), cert. den. 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961). A plaintiff has been allowed to change his forum where he later discovers good reasons for a transfer. *Carey, supra.* In this case we find no change in circumstances sufficient to warrant a change of venue.

Furthermore this case is three years old and is at the top of our trial list. A transfer at this late date would, we think, cause substantial delay and inconvenience. On the other hand plaintiff does not allege that he will be unduly inconvenienced by litigating his case in this forum.

Finally, subsequent to the filing of plaintiff's motion defendant has moved to enforce a settlement, alleging that plaintiff entered into a binding settlement agreement. That motion presently awaits plaintiff's answer. Under all of the above circumstances we conclude that a change of venue is inappropriate.

## ON PETITION TO ENFORCE SETTLEMENT AGREEMENT

Presently before the Court is defendant's petition to enforce a settlement agreement. Plaintiff instituted suit to recover for injuries sustained aboard the SS SANTA MARIA in December, 1967. On September 13, 1971 plaintiff's counsel sought leave to withdraw from the case, alleging that plaintiff had been uncooperative and refused to accept counsel's advice. We granted counsel's motion for leave to withdraw.

On October 21, 1971, plaintiff, acting on his own behalf, and defendant commenced settlement negotiations at defendant's office in New York. These negotiations culminated in a written agreement, signed by plaintiff, providing that defendant would pay plaintiff $4,000.00 in return for a release of plaintiff's claims. Thereafter defendant's representative tendered to plaintiff a check for $4,000.00. Plaintiff refused tender and expressed a concern that his former counsel would assert a claim against a portion of the proceeds. Defendant thereafter obtained written assurance from plaintiff's former counsel that he would assert no liens against plaintiff's recovery. Nevertheless on two subsequent occasions plaintiff again refused tender of defendant's check.

A trial court has the authority to enforce, on motion, a settlement agreement entered into by litigants while litigation is pending. Autera v. Robinson, 136 U.S.App.D.C. 216, 419 F.2d 1197 (1969); Kelly v. Greer, 365 F.2d 669 (3rd Cir. 1966); cert. den. 385 U.S. 1035, 87 S.Ct. 772, 17 L.Ed.2d 682 (1967). In the instant case there is no question that plaintiff voluntarily and intelligently entered into a binding settlement agreement. Although plaintiff alleges that the agreement should not be enforced, his reasons are without merit. Accordingly, defendant's petition will be granted.