Walter A. READ, Plaintiff,

v.

George P. BAKER et al., Defendants.

Civ. A. No. 4580.

United States District Court,
D. Delaware, Wilmington.

Sept. 12, 1977.

See also 430 F.Supp. 472; 438 F.Supp. 737.

John B. Kennedy of Kennedy & Kennedy, Wilmington, Del., for plaintiff.

Robert K. Payson of Potter, Anderson & Corroon, Wilmington, Del., for defendants.

LATCHUM, Chief Judge.

This civil action, seeking damages for alleged wrongful discharge, libel and slander, has been pending in this Court since February 8, 1973. The plaintiff has been represented during the course of this litigation by four different attorneys. After considering defendants' motion for summary judgment, the Court, on March 25, 1977, dismissed or granted judgment in favor of the defendants on plaintiff's claim for wrongful discharge, on his claim based on the publication of allegedly slanderous and libelous statements made during the course of a 1971 judicial proceeding in the United States District Court for the Eastern District of Pennsylvania and on his claims based on the publication of allegedly slanderous or libelous statements made prior to February 8, 1971. *Read v. Baker, et al.,* 430 F.Supp. 472, 477–78 (D.Del.1977).

A pre-trial stipulation was approved at a pre-trial conference on April 4, 1977, and a jury trial was scheduled, on the issues outlined by the Court, 430 F.Supp. at 478, to commence on June 13, 1977. (Docket Items 43 & 44). Although the parties had submitted proposed jury instructions, counsel for the parties advised the Court on June 1, 1977, that they had agreed upon a compromise and settlement and that trial was unnecessary. Whereupon the jury trial was cancelled and counsel were advised to consummate the agreement of settlement promptly.

On August 22, 1977, plaintiff's present attorney filed his notice of appearance (Docket Item 51) and advised the Court that he was in no position to proceed to trial. Defendants' counsel advised the Court that the defendants intended to move in these proceedings for specific performance of the compromise and settlement agreement.

On August 25, 1977, defendants filed an equitable "counterclaim" alleging that although the case had been compromised and settled, the plaintiff had refused to consummate the settlement agreement and therefore the defendants seek specific performance of the agreement. (Docket Item 52). On September 2, the plaintiff answered the counterclaim, generally denying that a settlement had been reached and pleaded four affirmative defenses, viz.: (1) the counterclaim failed to state a cause of action against plaintiff, (2) the defendants failed to comply with Rule 15(a), F.R.Civ.P., in that they did not seek leave of Court to amend their original answer,[1] (3) plaintiff's attorney had no authority to effect a settlement, and (4) defendants have an adequate remedy at law by an independent action for alleged breach of contract. (Docket Item 53).

Having heard arguments of counsel on the validity of the affirmative defenses, this is the Court's memorandum opinion ruling on those matters.

The equitable counterclaim here asserted alleges (1) that the defendants' agent made an offer on June 1, 1977, to plaintiff's then attorney of record to compromise and settle plaintiff's claims in this litigation for the sum of $1,250., (2) that on the same date plaintiff's then attorney with the express authority of the plaintiff accepted said of-

---

1. While the second affirmative defense raises this issue it refers erroneously to defendants' complaint (Docket Item 53) but was corrected by plaintiff's motion to dismiss to refer to defendants' answer (Docket Item 54).

fer of the defendants, (3) that plaintiff has refused the tender of the sum of $1,250 and has otherwise failed to perform the agreement, (4) that unless plaintiff is required to specifically perform the settlement agreement, defendants will suffer irreparable harm for which there is no adequate remedy at law.

### 1. First Affirmative Defense.

 Plaintiff's first affirmative defense, that the equitable counterclaim fails to state a claim upon which relief may be granted, is without merit. Accepting the truth of the allegations of the counterclaim, which the Court is bound to do at this stage of the proceedings, it is clear that the pleading alleges the essentials of a compromise, an agreement to terminate, by mutual concessions, a claim which is unliquidated. The pleading contains the offer, the acceptance and consideration; these allegations are sufficient under Rule 8(a), F.R.Civ.P. because they give a short, plain statement of the terms of the oral contract which contains the elements of a binding agreement. Furthermore, the pleading alleges that the compromise was entered into by plaintiff's then attorney of record who had express authority from the plaintiff to settle the case. Under Delaware law, an attorney of record in a pending action who agrees to a compromise of a case is presumed to have lawful authority to make such an agreement and the client bears the burden of rebutting that presumption. *Aiken v. National Fire Safety Counsellors*, 36 Del.Ch. 136, 127 A.2d 473, 475 (1956); *Strattner v. Wilmington City Electric Co.*, 3 Pennewill 453, 53 A. 436, 437 (Del.Super.1901).

### 2. Second Affirmative Defense.

 Plaintiff in the second affirmative defense contends that the defendants in filing the counterclaim failed to comply with Rule 15(a), F.R.Civ.P. in that they did not seek leave of court to file an amended answer. There is likewise no merit to this defense.

Compromises and settlements are a judicially favored manner for terminating litigation. *Petty v. General Accident Fire & Life Assurance Co.*, 365 F.2d 419, 421 (C.A. 3, 1966); *Rome v. Archer*, 41 Del.Ch. 404, 197 A.2d 49, 53 (1964); *J. W. P. v. R. E. P.*, 301 A.2d 318, 320 (Del.Ch.1973); *Steigman v. Beery*, 203 A.2d 463, 464 (Del.Ch.1964). Moreover, "[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (C.A. 3, 1970); *Good v. Pennsylvania R. R. Co.*, 384 F.2d 989, 990 (C.A. 3, 1967). Such a settlement is enforceable summarily, *upon motion,* by a district court in a case pending before it. *Berger v. Grace Line, Inc.*, 343 F.Supp. 755, 756 (E.D.Pa.1972), *aff'd* 474 F.2d 1339 (C.A. 3, 1973); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (C.A. 6, 1976); *Meeting & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (C.A. 2, 1974); *McKenzie v. Boorhem*, 117 F.Supp. 433, 435 (W.D.Ark.1954); *Beirne v. Fitch Sanitarium*, 167 F.Supp. 652, 655 (S.D.N.Y.1958). The power of a trial court to enter a judgment enforcing a settlement agreement in a case pending before it has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation. *Autera v. Robinson*, 136 U.S.App.D.C. 216, 219, 419 F.2d 1197, 1200 (1969). The power to enforce a pre-trial settlement agreement, upon motion or petition, does not rest directly on the federal rules of procedure, but rests upon the authority of the Court to enter judgment by consent, *All States Investors Inc. v. Bankers Bond Co.*, 343 F.2d 618, 625 (C.A. 6, 1965), on what has consistently been recognized as the trial court's inherent power to summarily enforce settlement agreements entered into by the parties' litigant in a pending case. *Kukla v. National Distillers Products Co.*, 483 F.2d 619, 621 (C.A. 6, 1973).

While the defendants have called their last filed pleading a "counterclaim" that is not determinative of whether defendants must obtain leave of court to file it. What is determinative is the effect of the plead-

ing. It is perfectly proper in a situation such as this for a party by motion or petition to move to enforce in equity a compromise agreement in an action pending before the court. *Berger v. Grace Line, Inc., supra.* Such a motion or petition does not require approval of the court before filing. Thus, the Court is free to treat defendants' counterclaim as a motion or petition to enforce in equity the alleged compromise agreement. The Court is entitled to so consider the filed counterclaim as a part of this Court's inherent power to enforce compromise settlements, voluntarily entered into, in cases pending before the Court.

However, if the Court, aside from its inherent power, were to consider an applicable federal procedural rule, it would appear that an equitable counterclaim could be allowed by the Court as a supplemental pleading under Rule 13(e) since the claim to be enforced accrued after defendants' answer was filed. Approval would be liberally granted in order to advance the overriding interest in terminating litigation through compromise settlements. Accordingly, the second defense will be dismissed.

### 3. Third Affirmative Defense.

As a third affirmative defense, plaintiff claims that his former attorney had no authority to effect a settlement. This, of course, creates a dispute of fact which this Court may not resolve until after an evidentiary hearing with respect to this particular issue. *Autera v. Robinson, supra,* 419 F.2d at 1201–03. Therefore, the Court will set this issue down for a prompt evidentiary hearing.

### 4. Fourth Affirmative Defense.

Plaintiff's fourth affirmative defense that the defendants have an adequate remedy at law by an independent action for alleged breach of contract is also without merit.

If the defendants are relying upon a compromise settlement not yet consummated which is in the nature of an equitable counterclaim for specific performance of the agreement and the Court has jurisdiction over the matter, as it has, this Court may require the plaintiff to perform his own obligations under the agreement and may enjoin the plaintiff from continuing to maintain his original damage claim and require him to perform his part of the agreement. Thus, since the defendants' obligations under the alleged compromise settlement is to pay money to the plaintiff and it is the plaintiff's obligation to relinquish his underlying claim of damages for slander and libel, this Court may temporarily enjoin the plaintiff from pursuing his underlying action and then determine the merit of the equitable counterclaim. As relief in such proceedings, if the defendants are successful, this Court may then order the defendants to pay the money into court, may order the plaintiff to execute a release in order to recover the money and permanently enjoin the plaintiff from further prosecuting his underlying libel and slander claims. In this manner the Court may require full performance of both sides of a compromise settlement. *All States Investors, Inc. v. Bankers Bond Co.,* 343 F.2d 618 (C.A. 6, 1965), *cert. denied,* 382 U.S. 830, 86 S.Ct. 69, 15 L.Ed.2d 74, *reh. denied,* 382 U.S. 922, 86 S.Ct. 286, 15 L.Ed.2d 237 (1965); *Jannarone v. W. T. Co.,* 65 N.J.Super. 472, 168 A.2d 72 (1961); Ann. 94 A.L.R.2d 518–522.

Plaintiff also contends that the defendants have an adequate legal remedy by instituting a separate suit against the plaintiff for damages and thus the equitable relief of specific performance is not available. This same argument was presented to and rejected in *Landau v. St. Louis Public Service Co.,* 364 Mo. 1134, 273 S.W.2d 255, 48 A.L.R.2d 1200 (Mo.Supr.1954). In that case, the plaintiff brought suit for personal injuries. The defendant thereafter petitioned the Court for specific performance of a compromise agreement by which the defendant was to pay the plaintiff $1750, and there was to be a release signed by the plaintiff and a dismissal of plaintiff's action with prejudice. A decree granting specific performance was affirmed. With respect to plaintiff's contention that the defendant had an adequate remedy at law, the Missouri Supreme Court said:

"Likewise, plaintiff's contention that there was no jurisdiction to render the decree herein, because defendant had an adequate remedy at law, is without merit. This contention is that defendant could have had a judgment entered in favor of plaintiff and against it for $1,750 . . .. Of course, the parties could have done that at the time of settlement. However, that could only have been done by agreement of the parties and that was not the agreement they made. Instead, there was to be a release signed by plaintiff and a dismissal with prejudice of plaintiff's action. Since defendant could never have had the case settled by entry of judgment for $1,750, without plaintiff's consent, this was no remedy at all under the actual facts. . . . [Authorities cited]. Defendant had no other adequate remedy."

To the same effect are the cases of *Boston & M. R. R. v. Union Mutual Fire Insurance Co.,* 92 Vt. 137, 101 A. 1012, 1015 (Vt.Supr.1917); *Cook v. Richardson,* 178 Mass. 125, 59 N.E. 675 (1901); *Deen v. Milne,* 113 N.Y. 303, 20 N.E. 861 (1889).

In the present situation an independent suit at law by defendants against the plaintiff for damages for breach of contract would clearly be impractical and inadequate. Such an action would give no protection to the defendant from the underlying libel and slander claims of the plaintiff. To give adequate relief in the present case, specific performance should be granted, if in fact the proof shows that a compromise settlement agreement was entered into, because if the defendants have tendered the money to the plaintiff which was its part of the bargain, it would indeed work a fraud on defendants to permit the plaintiff, despite the agreement, to sue on his original claims.

Accordingly, plaintiff's fourth affirmative defense to the equitable counterclaim will be dismissed.

An order will be entered in accordance with this memorandum.